IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MICHAEL D. GIBBONS,
    *Plaintiff*
v.

MARTIN SHKRELI,
    *Defendant*
and

RETROPHIN, INC.,
    *Nominal Defendant*

**Case:** 14-CV-9538 WHP

COMPLAINT

**ECF Case**

## COMPLAINT

PLAINTIFF, MICHAEL D. GIBBONS ("Gibbons"), by and through his attorneys, brings this Complaint under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), 15 U.S.C. §78p(b), against MARTIN SHKRELI ("Shkreli") and RETROPHIN, INC. ("Retrophin").

Plaintiff is a stockholder of Retrophin and respectfully alleges the following on information and belief, except as to paragraph 1, which plaintiff alleges on personal knowledge.

**The Parties**

1. Gibbons is an individual residing in Lee's Summit, Missouri, and is a holder of the common stock of Retrophin.

2. Nominal Defendant Retrophin is a Delaware corporation headquartered in the state of New York and is the issuer of the securities that are the subject matter of this suit. Retrophin can be served through its registered agent at:

    Retrophin, Inc.
    c/o The Corporation Trust Company
    Corporation Trust Center, 1209 Orange St.
    Wilmington, DE 19801

3. Defendant Shkreli is an individual residing in New York.

4. This complaint alleges insider trading by Shkreli in the equity securities of Retrophin between December 6, 2013, and September 22, 2014, the details of which are set forth below. Unless otherwise stated, the phrase "all times relevant to this action" in this Complaint refers to the period between and including those dates.

## Jurisdiction and Venue

5. Because this action arises under Exchange Act Section 16(b), 15 U.S.C. §78p(b), this court has exclusive subject matter jurisdiction over the claims without regard to the amount in controversy or the parties' citizenship under Section 27 of the Exchange Act, 15 U.S.C. §78aa.

6. This court has personal jurisdiction over the defendants because they have transacted business within the State of New York and within the district.

7. This court is proper venue for this action pursuant to Section 27 of the Exchange Act, 15 U.S.C. §78aa, because the actions that constitute the violations occurred, at least in part, within the district.

## Statutory Prerequisites

8. The short-swing trades described herein involve non-exempt transactions in non-exempt securities by non-exempt persons within the meaning of Section 16(b) of the Exchange Act.

9. Plaintiff's counsel made demand on Retrophin for prosecution of these claims in a letter dated September 25, 2014, (the "demand letter")and requested that he be notified of any action taken by Retrophin with 60 days of that date.

10. The demand letter was delivered to Retrophin on September 29, 2014.

11. An accurate copy of the demand letter is attached to this Complaint as Exhibit A.

12. Retrophin has failed to respond or otherwise take action with respect to the activities of Shkreli.

13. More than 60 days have elapsed since the date of the demand letter.

14. Gibbons is a shareholder of Retrophin and, as such, has a statutory right to bring this action to recover short-swing profits in the name of and on behalf of Retrophin pursuant Section 16(b) of the Exchange Act, 15 U.S.C. §78p(b).

### Retrophin Common Stock

15. At all times relevant to this action, Retrophin's common stock (the "Common Stock") was traded on the NASDAQ under the symbol "RTRX."

16. At all times relevant to this action, the Common Stock was registered pursuant to Section 12 of the Exchange Act.

17. At all times relevant to this action, the Common Stock was a class of Retrophin's equity securities.

### Shkreli's Status as Section 16 Insider

18. At all times relevant to this action Shkreli was a more-than-10% owner of Retrophin's common stock.

19. At all times relevant to this action, Shkreli was a director of Retrophin.

20. At all times relevant to this action, Shkreli was an officer of Retrophin.

### Purchases of Common Stock

21. On a Form 4 filed by him on December 10, 2013, Shkreli accurately reported his December 6, 2013, purchase of 100 shares of Common Stock at a price of $8.30 per share.

22. On the same Form 4, Shkreli accurately reported his December 9, 2013, purchase of 100 shares of Common Stock at a price of $8.11 per share.

23. On a Form 4 filed by him on January 2, 2014, Shkreli accurately reported his December 31, 2013, purchase of 150,000 shares of Common Stock at a price of $7.00 per share.

24. On a Form 4 filed by him on January 15, 2014, Shkreli accurately reported his January 14, 2014, purchase of 8,000 shares of Common Stock at a price of $10.8368 per share.

25. On a Form 4 filed by him on February 7, 2014, Shkreli accurately reported his February 6, 2014, purchase of 2,000 shares of Common Stock at a price of $9.916 per share.

26. On a Form 4 filed by him on February 19, 2014, Shkreli accurately reported his February 14, 2014, purchase of 3,500 shares of Common Stock at a price of $14.6018 per share.

27. On a Form 4 filed by him on September 16, 2014, Shkreli accurately reported his September 16, 2014, purchase of 7,500 shares of Common Stock at a price of $10.692 per share.

28. On a Form 4 filed by him on September 18, 2014, Shkreli accurately reported his September 17, 2014, purchase of 6,000 shares of Common Stock at a price of $11.4567 per share.

29. On a Form 4 filed by him on September 23, 2014, Shkreli accurately reported his September 19, 2014, purchase of 18,000 shares of Common Stock at a price of $11.7797 per share.

30. On the same Form 4, Shkreli accurately reported his September 22, 2014, purchase of 35,000 shares of Common Stock at a price of $10.8202 per share.

### Sales of Common Stock

31. On a Form 4 filed by him on June 3, 2014, Shkreli accurately reported his May 30, 2014, sale of 292,400 shares of Common Stock at a price of $15.14 per share.

### Short-Swing Profits

32. Shkreli's above-described trading activity in Retrophin Common Stock constitutes short-swing trading activity subject to disgorgement pursuant to Section 16(b) of the Exchange Act because he was an office and a director of Retrophin and a more-

4

than-10% holder of its Common Stock during the entire time period over which the transactions took place.

33. By virtue of Section 16(b) of the Exchange Act, Shkreli is accountable to Retrophin for his pecuniary interest in any profit realized plus interest and costs.

34. Based on the foregoing, Shkreli realized a profit from the transactions alleged herein. For each share of Common Stock purchased by him, a corresponding sale by him of Common Stock was made at a higher price within a period of less than six months. For the purpose of calculating the profits Shkreli realized by virtue of these short-swing trades, the Securities and Exchange Commission (the "SEC") endorses the "lowest-in, highest-out" approach:

> Profit is computed by matching the highest sale price with the lowest purchase price within six months, the next highest sale price with the next lowest purchase price within six months, and so on, until all shares have been included in the computation.

SEC Release No. 34-18114 n. 102 (1984).

35. Using the lowest-in, highest-out method, Shkreli has realized illicit profits in the amount of at least $1,536,282.50 as a result of short-swing trading activity during the two-year period ending on the date of this Complaint.

36. The precise amount of short-swing profit is unknown and should be determined on an accounting.

## Count I
## Section 16(b)

37. Plaintiff incorporates by reference all allegations of the previous paragraphs as if fully stated herein.

38. As result of these transactions Retrophin is entitled to all profits realized by Shkreli resulting from short-swing trading during all periods not barred by the relevant statute of limitations, less the amount already paid by him to Retrophin in the Prior Settlement.

**39.** Retrophin is entitled to interest on the profits realized by them calculated from the date the profits were realized.

WHEREFORE, Plaintiff demands judgment against Shkreli as follows:

1. For recovery from Shkreli of all profits resulting from his short-swing trades in Retrophin common stock in violation of Section 16(b) of the Exchange Act during all periods not barred by the statute of limitations;

2. For interest on the amount of profits recovered, calculated from the time Shkreli realized the profits;

3. For its costs; and

4. For such other and further relief as the Court deems just.

## Count II
## Accounting

**40.** Plaintiff incorporates by reference all allegations of paragraphs 1 through 36 above as if fully stated herein.

**41.** In order to fully evaluate Retrophin's statutory right to disgorgement of short-swing profits, Retrophin requires an accounting from Shkreli of all transactions in the equity securities of Retrophin from the date two years preceding the filing of this Complaint to the present.

WHEREFORE, Plaintiff demands on behalf of Retrophin an accounting from Shkreli and all other insiders of Retrophin of their transactions in the equity securities of Retrophin.

RESPECTFULLY SUBMITTED,

*(signature)*

CHARLES J. HYLAND, ESQ. (CH-2561)
HYLAND LAW FIRM LLC
7300 W. 110th Street, Suite 930
Overland Park, KS 66210
**Phone:** 913.498.1911
**Fax:** 913.498.1950
**Email:** charlie@hylandkc.com

And,

*(signature)*

DANIEL E. DOHERTY, ESQ.
LAW OFFICES OF DANIEL E. DOHERTY
7300 W. 110th Street, Suite 930
Overland Park, KS 66210
**Phone:** 913.338.7182
**Fax:** 913.338.7164
**Email:** ded-law@ddoherty.net
(Pro Hac Pending),
*Attorneys for Plaintiff*

EXHIBIT A

**Demand Letter**

USPS TRACKING # & CUSTOMER RECEIPT: 9114 9999 4423 8109 4396 44
For Tracking or inquiries go to USPS.com or call 1-800-222-1811.

File Copy

# DANIEL E. DOHERTY

ded-law@ddoherty.net

ATTORNEY AT LAW
Commerce Plaza I
7300 W. 110th Street, Suite 930
Overland Park, KS 66210

913.338.7182   Voice
913.338.7164   FAX

Board of Directors
Retrophin, Inc.
777 Third Avenue 22nd Floor
New York, NY 10017

VIA U.S. PRIORITY CERTIFIED

2014-09-25

Dear Board:

I have been retained by M. D. Gibbons, a street name holder of the company's common stock, to investigate certain apparent violations of the short-swing trading provisions of Section 16 of the Securities Exchange Act of 1934 (the "Exchange Act"). Based on the public filings of Martin Shkreli (the "Reporting Person"), the Reporting Person appears to be in violation of the short-swing trading provisions of Section 16(b). I have attached to this letter a schedule of the transactions in question and a computation of the estimated recoverable profits.

Based upon this inquiry and in accordance with Section 16(b), I hereby request that you investigate these transactions and take action against the Reporting Person for an accounting to and recovery for the company of any profits noted and profits arising from any other transactions that come to light in the course of your investigation that are not barred by the statute of limitations. If you recover short-swing profits from the Reporting Person, please provide me with proof of the company's recovery and a stamped copy of any complaint filed in any action to recover the profits. If you determine upon investigation that no profit is recoverable, please provide me with an explanation of the reasons for your conclusion.

Unless you take these actions within 60 days of your receipt of this letter, the shareholder is authorized to pursue remedies provided by the Exchange Act.

Sincerely,

*Daniel E. Doherty*

cc: M. D. Gibbons

## Schedule A

### Transactions Considered

Issuer: Retrophin, Inc.
Symbol: RTRX

| Ref  | Date       | Filing            | Code | Price   | Shares  |
|------|------------|-------------------|------|---------|---------|
| 0001 | 2013-12-06 | 2013-12-10 [01]   | P    | 8.3000  | 100     |
| 0002 | 2013-12-09 | 2013-12-10 [02]   | P    | 8.1100  | 100     |
| 0003 | 2013-12-31 | 2014-01-02 [01]   | P    | 7.0000  | 150,000 |
| 0004 | 2014-01-14 | 2014-01-15 [01]   | P    | 10.8368 | 8,000   |
| 0005 | 2014-02-06 | 2014-02-07 [01]   | P    | 9.9160  | 2,000   |
| 0006 | 2014-02-14 | 2014-02-19 [01]   | P    | 14.6018 | 3,500   |
| 0007 | 2014-05-30 | 2014-06-03 [03]   | S    | 15.1400 | 292,400 |
| 0008 | 2014-09-16 | 2014-09-16 [01]   | P    | 10.6920 | 7,500   |
| 0009 | 2014-09-17 | 2014-09-18 [01]   | P    | 11.4567 | 6,000   |
| 0010 | 2014-09-19 | 2014-09-23 [01]   | P    | 11.7797 | 18,000  |
| 0011 | 2014-09-22 | 2014-09-23 [02]   | P    | 10.8202 | 35,000  |

Sch. A–1

SCHEDULE B

Estimated Short-Swing Profit

| | | Purchases | | | | | | Sales | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Ref | Date | Filing | Code | Price | Shares | Ref | Date | Filing | Code | Price | Shares | Profit |
| 0003 | 2013-12-31 | 2014-01-02 [01] | P | 7.0000 | 150,000 | 0007 | 2014-05-30 | 2014-06-03 [03] | S | 15.1400 | 150,000 | 1,221,000.00 |
| 0002 | 2013-12-09 | 2013-12-10 [02] | P | 8.1100 | 100 | 0007 | 2014-05-30 | 2014-06-03 [03] | S | 15.1400 | 100 | 703.00 |
| 0001 | 2013-12-06 | 2013-12-10 [01] | P | 8.3000 | 100 | 0007 | 2014-05-30 | 2014-06-03 [03] | S | 15.1400 | 100 | 684.00 |
| 0005 | 2014-02-06 | 2014-02-07 [01] | P | 9.9160 | 2,000 | 0007 | 2014-05-30 | 2014-06-03 [03] | S | 15.1400 | 2,000 | 10,448.00 |
| 0008 | 2014-09-16 | 2014-09-16 [01] | P | 10.6920 | 7,500 | 0007 | 2014-05-30 | 2014-06-03 [03] | S | 15.1400 | 7,500 | 33,360.00 |
| 0011 | 2014-09-22 | 2014-09-23 [02] | P | 10.8202 | 35,000 | 0007 | 2014-05-30 | 2014-06-03 [03] | S | 15.1400 | 35,000 | 151,193.00 |
| 0004 | 2014-01-14 | 2014-01-15 [01] | P | 10.8368 | 8,000 | 0007 | 2014-05-30 | 2014-06-03 [03] | S | 15.1400 | 8,000 | 34,425.60 |
| 0009 | 2014-09-17 | 2014-09-18 [01] | P | 11.4567 | 6,000 | 0007 | 2014-05-30 | 2014-06-03 [03] | S | 15.1400 | 6,000 | 22,099.80 |
| 0010 | 2014-09-19 | 2014-09-23 [01] | P | 11.7797 | 18,000 | 0007 | 2014-05-30 | 2014-06-03 [03] | S | 15.1400 | 18,000 | 60,485.40 |
| 0006 | 2014-02-14 | 2014-02-19 [01] | P | 14.6018 | 3,500 | 0007 | 2014-05-30 | 2014-06-03 [03] | S | 15.1400 | 3,500 | 1,883.70 |
| Totals: | | | | | 230,200 | | | | | | 230,200 | $1,536,282.50 |

Sch. B-2